[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried in Baltimore, Maryland on October 6, 1994. The court has jurisdiction as the plaintiff is a lifelong resident of this state, and all statutory stays have expired. There are no children issue of the parties. The evidence clearly indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 33, enjoys good health. She is a graduate of the University of Bridgeport with a B.S. degree in Mathematics and Natural Sciences. She has worked throughout the marriage and is currently employed as a localization project manager at Hyperion Solutions in Stamford.
The defendant is 41 years old. He holds an associate degree in business from Norwalk Community College. He started employment with the City of Stamford Police Department in April, 1988 and worked as a police officer until his employment was terminated on February 13, 1999. He is currently unemployed. CT Page 5099
The major issue in this matter is the state of the defendant's health. The defendant claims he is unable to perform any gainful employment because of physical and mental impairments to his health.
During his almost eleven years as a policeman, the defendant was involved in thirteen accidents while on the job. This resulted in his being out of work for substantial periods of time. While recovering from an accident in August, 1997, he was assigned to light duty status on April 2, 1998.
During the time the defendant was working light duty, he was being investigated by the Police Department for allegedly feigning illness or injury or otherwise deceiving his employer as to the condition of his health. The Administrative Inquiry was completed on November 16, 1998 and submitted to the chief of police with the recommendation that "officer Gonzalez be found in violation of Section 3.5d of the department's Rules and Regulations," i.e., feigning injuries or deliberately misrepresenting his state of health.
In August, 1998, the defendant was involved in a motor vehicle accident while on a fishing trip in Canada. He spent several days in a hospital in Toronto. The severity of his injuries was disputed by the parties. No competent evidence was presented that there was any permanent disability to the defendant as a result of this accident which occurred more than two and one-half years ago.
The defendant has not attempted to work in any capacity since the summer of 1998. He is currently being treated by a psychologist and claims that under stress he is unable to speak because of a pronounced stutter.
The plaintiff has presented evidence indicating that the defendant has engaged in activities during recent years that are inconsistent with his claims of disability.
Although the defendant may have some lingering problems from his many accidents, he has failed to persuade the court they are of the magnitude he claims. The court concludes that the defendant's failure to cooperate with his superiors in the Police Department was a substantial factor in bringing about his dismissal. Also, the court finds that the defendant presently is not totally incapacitated.
This was a short but apparently stormy marriage. There were many heated arguments resulting in the parties separation in February, 1999. Although each party contributed to the breakdown of the marital relationship, the court finds that the major responsibility is attributed to the CT Page 5100 defendant's behavior.
The court has considered the criteria set forth in Sections 46b-62,46b-81 and 46b-82 of the General Statutes in reaching the decisions reflected in the orders that follow.
The following orders may enter:
(1) No periodic alimony is awarded to either party.
 This was a relatively short marriage, and the plaintiff is gainfully employed. The defendant had a substantial earning capacity and is capable of supporting himself in the future.
(2) The plaintiff is awarded the following:
 A. Her interest in the real property located at 15 Dann Drive, Stamford, Connecticut;
 B. The savings and checking accounts listed on her financial affidavit, dated March 28, 2001;
 C. Her Hyperion stock, Government Securities fund and 401 K plan listed on her financial affidavit.
(3) The defendant is awarded the following:
 A. The automobile, motorcycle, bank accounts, tools and equipment, and City of Stamford Pension listed on his financial affidavit dated March 8, 2001;
 B. The proceeds of any pending or future lawsuits and Worker's Compensation claims the defendant has against the City of Stamford.
(4) The plaintiff shall convey to the defendant all her right, title and interest in and to the property located at 22 Sanford Road, Newtown, Connecticut.
 At the time of transfer of title, the defendant shall execute and deliver to the plaintiff a promissory note in the amount of thirty thousand ($30,000) dollars in full payment for the plaintiff's interest in the property. The promissory note shall provide for no interest and that payment shall be made upon the sale of the property or May 1, 2003, whichever first occurs.
CT Page 5101
 The promissory note shall be secured by a mortgage on the defendant's interest in the subject real property, subject only to the current thirty thousand ($30,000) dollars line of credit. The mortgage shall contain the usual provisions used by lending institutions in the area.
 The court retains jurisdiction in the event the defendant seeks a construction mortgage in the future and requires a subordination of the plaintiff's mortgage, and the parties are unable to agree on such a request.
(5) Each party shall retain all items of personal property currently in her or his possession. The plaintiff may retain the computer requested by the defendant.
(6) The plaintiff shall cooperate in assisting the defendant's obtaining his COBRA benefits for health and dental insurance under the plaintiff's plan. All premiums are to be the responsibility of the defendant.
(7) Each party shall be responsible for the debts, including counsel fees, listed on her/his financial affidavit and indemnify and hold harmless the other from any liability thereon.
(8) The plaintiff's maiden name of Trellopoulos is ordered restored.
Judgment may enter accordingly.
NOVACK, JUDGE TRIAL REFEREE